THEODORE F. COGSWELL, administrator, *vs.* NEWBURYPORT INSTITUTION FOR SAVINGS & another.

Essex.   March 25, 1896. — April 1, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Savings-bank Book — Title to Deposit — Claimant — Gift — Evidence.*

If, upon the bill of interpleader by the administrator of A. against a savings bank and B., to determine the ownership of a deposit of money in the bank in the names of "A. and B., payable to either or the survivor," a witness, to support the contention that there was a gift of the deposit-book by A. to B., testifies that he obtained his knowledge of the book by seeing it in the possession of B., evidence of his statements to the effect that he obtained his knowledge of the book by seeing it in the possession of A. is admissible in contradiction.

In an action to determine the ownership of a deposit of money in a savings bank in the names of "A. and B., payable to either or the survivor," B. has no ground of exception to the introduction of evidence which justifies a finding that the deposit was made in the names of A., who has deceased, and B., for the reason that A. had already deposited the full amount upon which he could be allowed interest, and that there was no gift to B.

BILL OF INTERPLEADER, by the administrator of the estate of Margaret McCormack against the defendant institution for savings and Ellen Dockery, to determine the ownership of a deposit of money in said institution.

At the trial in the Superior Court, before *Fessenden*, J., there was evidence tending to show that the account in the bank-book was headed " Margaret McCormack and Ellen Dockery, payable to either or the survivor "; and that the deposit was made in the name of the deceased and of Ellen Dockery, for the reason that the deceased had already a deposit of the full amount upon which she could be allowed interest.

The claimant Dockery, who was a sister of the deceased, testified that she knew of the book for more than nine years; that when the deceased was at her house in Boston she gave the book " to me to understand that the money was there "; that " she said the money was put in there to be drawn by her or me "; that the witness was to take the number of the book, so that, if anything happened to the deceased, the witness would have the number; that the husband of the witness took the

number, and that the book, she thought, was kept in the valise of the deceased.

Thomas Dockery, husband of Ellen, testified that, when his wife brought in the book, he opened it and took the number, and that the last time when the deceased was at his house she said, " In case his wife could n't get her money, she, his wife, could go to Ipswich and get that book, and go to Newburyport and get the money." To contradict his testimony, Mrs. Ryan, a sister of the deceased, was permitted to testify, against the objection and exception of the claimant Dockery, that Thomas Dockery said to her " that it was too bad that Margaret lost her money, and I asked him how much, and he said he did n't know, and I asked him how come he to find out, and he says he looked in her bank, . . . in her valise; he says she had not got much now; I says, ' How do you know? ' He says, ' I looked in her valise and I seen her bank-book.' "

The judge found that there was no gift of the bank-book by the deceased to the claimant, and entered a decree for the plaintiff; and the claimant alleged exceptions.

*H. F. Naphen*, for the claimant.

*C. A. Sayward*, for the plaintiff, was not called upon.

BARKER, J. 1. The evidence as to the statement of the claimant's husband to Mrs. Ryan about the deposit-book was admissible, as tending to contradict his testimony that he obtained his knowledge of the book by seeing it in the claimant's possession.

2. The evidence justified a finding that the deposit was made in the names of the deceased and of the claimant for the reason that the deceased had already a deposit of the full amount upon which she could be allowed interest, and that there was no gift to the claimant.

*Exceptions overruled.*